IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID T. HAEUSSLER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-491** |
| | : | |
| **CHILD SUPPORT AGENCY OF** | : | |
| **BUCKS COUNTY, CHILD SUPPORT** | : | |
| **AGENCY OF PHILADELPHIA** | : | |
| **COUNTY, MICHAEL GRASSO,** | : | |
| **CHRISTIN SIMCOX, DENISE M** | : | |
| **BOWMAN, JOEL S JOHNSON,** | : | |
| **FREDERICK A HARRAN,** | : | |
| **ROCHELLE BILAL** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                          **February 25, 2025**

Bucks County's David T. Haeussler believes he and county sheriffs can disobey judges' orders requiring he pay child support if he does not agree with the orders. The mothers of his children retained lawyers who moved to enforce the child support orders. Mr. Haeussler decided to not pay child support, missed judicial conferences, and is now suing in state court challenging its jurisdiction. His prolonged defiance led state court judges in Philadelphia and Bucks Counties to issue contempt orders. His continued defiance of contempt orders then led to asset freezes and eventual incarceration. Sheriffs arrested him consistent with their oath to enforce orders. We have no basis to find he appealed these orders in the Pennsylvania appellate courts.

Mr. Haeussler now comes to federal court pro se claiming child support agencies, judges, attorneys, and sheriffs in two counties violated his constitutional rights. But federal court is not the forum to appeal decisions made by child welfare professionals, immune judges, and public servants acting in the scope of their public service. We granted him leave to proceed without paying

filing fees. Congress now requires we screen his allegations for merit before directing the Clerk of Court to issue summons.

The state actors and attorneys are not subject to liability under our civil rights law absent an absence of jurisdiction or alleged facts detailing the lawyer's joint action with state actors violating civil rights. Mr. Haeussler does not come close. He can challenge the outcome and procedure of the support orders in state court. But not here with these allegations. We dismiss his claims against the judges, child support agencies, and sheriffs with prejudice as he cannot plead unconstitutional conduct by the state actors. We dismiss his claims against the lawyers representing the mothers of his children without prejudice to timely file an amended complaint specifically pleading the conspiracy between the lawyers and the state actors.

## I.    Alleged pro se facts and matters of public record

Mr. Haeussler fought, and is still fighting, his child custody and support battles with the mothers of his children in the Philadelphia Court of Common Pleas Family Division and the Court of Common Pleas of Bucks County Domestic Relations Section.[1]

### *Mr. Haeussler's litigation in Philadelphia Court of Common Pleas Family Division.*

Heather Cohen (formerly Heather Haeussler) filed for divorce from Mr. Haeussler and sought custody of their child on March 10, 2009 in the Philadelphia Court of Common Pleas Family Division.[2] Attorney Chris Simcox represented Ms. Cohen in these proceedings.[3] Attorney Simcox filed a custody stipulation on December 3, 2009 and an unidentified judge entered a final order by agreement on January 14, 2010.[4]

Mr. Haeussler reopened the Philadelphia case thirteen years later in February 2023 by petitioning to modify the custody order for an unpleaded reason.[5] An unidentified Philadelphia County judge scheduled a contempt of custody hearing for May 15, 2023.[6] The court rescheduled

2

the hearing for May 30, 2023 and June 6, 2023 and then cancelled the hearing for an unpleaded reason.[7] Attorney Simcox then filed a custody stipulation a month later on behalf of Ms. Cohen.[8] The Philadelphia County judge entered a final order on August 7, 2023 dismissing the original complaint.[9]

On October 20, 2023, Mr. Haeussler again petitioned to modify the custody agreement, and the judge scheduled a custody hearing for an unpleaded date.[10] Philadelphia County Judge Joel S. Johnson incarcerated Mr. Haeussler on October 26, 2023 for nonpayment of child support.[11] After almost three months of inactivity, on January 29, 2024, the judge dismissed Mr. Haeussler's petition to modify due to lack of prosecution.[12] Mr. Haeussler does not plead whether he appealed these orders in the Pennsylvania courts.

### Mr. Haeussler's litigation in Court of Common Pleas of Bucks County.

Kerryann Harris, the mother of two of Mr. Haeussler's children, petitioned for custody and support of the minor children. Bucks County Judge James M. McMaster ordered Mr. Haeussler in May 2023 to pay child support of $1,167.00 per month, plus $333.00 monthly toward arrears.[13]

Mr. Haeussler refused to pay, citing a pay decrease from the previous year.[14] Ms. Harris through her attorney, Michael Grasso, petitioned for contempt of court in July 2023, alleging Mr. Haeussler refused to pay $5,590.69 in owed funds.[15] Judge McMaster ordered Mr. Haeussler to appear at a contempt proceeding on August 17, 2023.[16]

Mr. Haeussler continued his refusal to pay. On October 20, 2023, Judge McMaster ordered American Heritage Federal Credit Union to freeze Mr. Haeussler's assets up to $6,557.86.[17] The Child Support Agency of Bucks County seized Mr. Haeussler's bank account for $6,557.87 five days later.[18] American Heritage Federal Credit Union seized $5,508.88 on December 4, 2023 from Mr. Haeussler, complying with Judge McMaster's Order.[19]

Mr. Haeussler's contempt in Bucks County persisted. On January 16, 2024, Judge McMaster ordered the Department of Labor and Industry and the Office of Unemployment Compensation Benefits to deduct from Mr. Haeussler's unemployment compensation $269.31 per week or fifty percent of the unemployment benefits Mr. Haeussler would normally receive.[20] And again on January 29, 2024.[21] And again on April 1, 2024, increasing the potential deduction to $346.15 per week.[22]

Ms. Harris, through Attorney Grasso, again petitioned Judge McMaster seeking Mr. Haeussler's contempt for failing to pay $1,518.28 on April 17, 2024.[23] Judge McMaster extended Mr. Haeussler's unemployment deductions to $269.31 per week or fifty percent of the unemployment benefits Mr. Haeussler would normally receive on June 25, 2024.[24]

Judge McMaster three weeks later denied Mr. Haeussler's petition to modify the support order due to his failure to appear at the scheduled modification conference.[25] Judge McMaster again extended Mr. Haeussler's unemployment deductions to $346.15 per week or fifty percent of the unemployment benefits Mr. Haeussler would normally receive on August 1, 2024.[26] Ms. Harris, through Attorney Grasso, again petitioned Judge McMaster regarding Mr. Haeussler's continued contempt for failing to pay $4,668.00 on October 2, 2024.[27]

After repeated failures to pay child support and missed judicial conferences—despite proper notice—Judge McMaster ordered the Bucks County Sheriff Frederick Harran to take Mr. Haeussler into custody on November 8, 2024.[28] Judge McMaster also ordered Capital One to freeze Mr. Haeussler's assets up to $4,668.00.[29] The Child Support Agency of Bucks County seized Mr. Haeussler's bank account for $4,668.00 on November 11, 2024.[30] Sheriff Harran, acting under orders, carried out each seizure.[31]

On November 19, 2024, Judge McMaster scheduled Mr. Haeussler's contempt hearing for December 19, 2024.[32] Mr. Haeussler filed a writ of a habeas corpus challenging judicial enforcement of his childcare obligations and incarceration on the same day.[33] Ms. Harris again petitioned Judge McMaster regarding Mr. Haeussler's contempt for failing to pay $5,835.00 on November 20, 2024.[34]

We have no basis to find Mr. Haeussler appealed any of these orders. He instead sued the Bucks County Domestic Relations Child Support Division on December 10, 2024 in the *Harris v. Haeussler* action in Bucks County.[35] He challenged the state court's personal and subject matter jurisdiction, requesting dismissal of previous support orders against him.[36] The Division moved to dismiss.[37] Judge McMaster timely ordered both parties to appear on January 16, 2025.[38] Mr. Haeussler refused to appear after notice.[39]

Ms. Harris again petitioned Judge McMaster regarding Mr. Haeussler's continued contempt for failing to pay $7,002.00.[40] Judge McMaster again ordered Mr. Haeussler in contempt and Sheriff Harran took him into custody.[41] Judge McMaster scheduled the contempt hearing for January 16, 2025 along with the conference on Mr. Haeussler's case against the Division.[42] On December 23, 2024, Judge McMaster again ordered Capital One to seize Mr. Haeussler's assets up to $4,668.00.[43]

Mr. Haeussler subsequently removed his filed case from the Court of Common Pleas of Bucks County to here.[44] We remanded on December 27, 2024.[45] Mr. Haeussler moved to reconsider—confirming the ongoing nature of the Bucks County support case—arguing we erred in declining jurisdiction over his removed case with no federal question or diverse jurisdiction.[46] We denied Mr. Haeussler's motion to reconsider the remand on January 16, 2025 because Mr. Haeussler offered no basis for reconsideration.[47]

Mr. Haeussler failed to appear at the January 16, 2025 hearing in Bucks County allegedly leading Judge Bowman to order his incarceration.[48] On January 21, 2025, officials transferred Mr. Haeussler to Philadelphia County.[49] Mr. Haeussler pleads he remains incarcerated.

Mr. Haeussler then filed this case suing the Philadelphia and Bucks County judges, state actors, and the lawyers representing the mothers of his children for violating his civil rights on January 28, 2025. He sought to proceed without paying filing fees after swearing to be indigent with no assets. We granted him leave to proceed without paying filing fees but reminding him we needed to screen his allegations before directing service of summons.[50]

## II.    Analysis

Mr. Haeussler claims judges, court officials, private lawyers, and agencies violated his Fourth, Fifth, and Fourteenth Amendment rights by depriving him of his liberty and property without due process over a fifteen-month period from October 26, 2023 through January 21, 2025, acted ultra vires and outside of their jurisdiction over him, and Sheriffs Bilal and Harran negligently trained and supervised sheriff department staff.[51] Mr. Haeussler alleges child support agencies, judges, attorneys, and sheriffs conspired to enforce child support orders despite knowing he disputed the courts' jurisdiction over him violating his procedural due process by depriving him of his right to notice and opportunity to be heard before incarcerating him and seizing his property.

Congress requires we screen his case now proceeding without paying filing fees before issuing summons.[52] We today screen Mr. Haeussler's claims. We must dismiss the Complaint before issuing summons if we find Mr. Haeussler's claims are frivolous or malicious, do not state a claim on which relief may be granted, or he seeks monetary relief against immune persons.[53] We apply the same standard under the Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[54] Mr. Haeussler can meet the Rule

12(b)(6) standard if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[55] We accept all facts in Mr. Haeussler's Complaint as true and construe the facts in light most favorable to him to determine whether he states a claim to relief plausible on its face.

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings . . . ."[56] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[57] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants."[58]

Congress allows individuals to seek relief for constitutional claims in federal court.[59] Mr. Haeussler "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[60]

We dismiss Mr. Haeussler's claims separately challenging conduct in Philadelphia and Bucks County. He cannot sue immune judges for civil rights violations. He also cannot challenge the Philadelphia and Bucks County courts' jurisdiction over child support and domestic matters. The state actors are also immune. The lawyers representing the mothers of his children seeking child support are not state actors.

### A.  Judges Johnson and Bowman are absolutely immune from suit.

Mr. Haeussler sues Judge Johnson in Philadelphia and Judge Bowman in Bucks County for their actions in presiding over child support proceedings. Mr. Haeussler pleads the judges entered jurisdictionally flawed orders and exceeded their authority in judicial decisions.[61] We dismiss Mr.

Haeussler's claims against Judges Johnson and Bowman as all judges are absolutely immune from suits challenging their judicial orders.

Judges have absolute immunity from suits under section 1983 for money damages arising from their judicial acts except for those "taken in the complete absence of all jurisdiction."[62] A court having some subject-matter jurisdiction is deemed sufficient for determining immunity-related matters.[63] An act is taken in a judicial capacity if it is "a function normally performed by a judge."[64] Immunity applies even if the action is "in error, . . . done maliciously, or . . . in excess of [a judge's] authority[.]"[65]

Congress bars injunctive relief against judicial officers unless the judge violates a declaratory decree or declaratory relief is unavailable.[66] Mr. Haeussler does not allege Judges Johnson or Bowman violated a declaratory decree, and declaratory relief is unavailable.

Mr. Haeussler challenges  the judicial actions taken by state court judges engaged in standard judicial activities—presiding over child support proceedings and issuing rulings and orders. Mr. Haeussler disagrees with the judges' decisions. But the conduct occurred within their jurisdictional role as a judge. Pennsylvania's General Assembly vests each county's Domestic Relations Section with jurisdiction over child support matters.[67]

Mr. Haeussler has not alleged facts allowing us to plausibly infer Judges Johnson or Bowman acted in the absence of jurisdiction. The judges are absolutely immune from suit for decisions enforcing court orders.

### B.  The Child Support Agency is not a person under section 1983.

Mr. Haeussler sues the "Child Support Agency of Bucks County."[68] We take judicial notice "the Bucks County Domestic Relations Section (DRS), a *department* within the Family Court Division, enters, modifies, and enforces orders for child support . . . [and] is a *court office*."[69] The

Bucks County Domestic Relations Section appears to be the same entity Mr. Haeussler names in this suit. We dismiss Mr. Haeussler's claims against the Child Support Agency of Bucks County because it is not a "person" subject to suit under section 1983 and the Eleventh Amendment bars suits against a state and its agencies in federal court.[70]

The Child Support Agency of Bucks County, as a subdivision of the Court of Common Pleas of Bucks County, is not a "person" subject to suit under section 1983. A section 1983 claim requires two elements: (1) the challenged conduct is committed by a person acting under color of state law; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[71] A State cannot be a "person" under section 1983.[72] Well-established principles of statutory interpretation hold the term "person" traditionally excludes sovereign entities—aligning with common usage and legislative intent of section 1983.[73] The Child Support Agency of Bucks County, a subdivision of the Commonwealth, cannot qualify as a "person" under section 1983.[74]

We are guided by our Court of Appeals' analysis seventeen years ago in *Allen v. Administrative Office of Pennsylvania Courts*.[75] Mr. Allen sued the Administrative Office of the Pennsylvania Courts for, like Mr. Haeussler, conspiracy to violated his equal protection and due process rights claiming liability for unpaid child support payments stemmed from a conspiracy to deprive him of his civil rights.[76] Our Court of Appeals dismissed his appeal because he "did not assert actionable civil claims [as] . . . [n]either Defendant may be considered a 'person' subject to suit under" section 1983.[77] Mr. Haeussler's suit against the Child Support Agency of Bucks County parallels Mr. Allen's case against the Administrative Office of Pennsylvania Courts—both entities function as offices of the court, not as "persons."

We dismiss Mr. Haeussler's claims against the Child Support Agency.

**C. Sheriffs Bilal and Harran enjoy quasi-judicial immunity in their individual capacity and Mr. Haeussler does not plead facts subjecting either Sheriff to municipal liability in an official capacity.**

Mr. Haeussler alleges Sheriffs Bilal and Harran are responsible for his unlawful incarceration, property seizure, failure to investigate and validate jurisdiction, abuse of authority, negligent training and supervision of deputies, and deprivation of due process rights through court filing and impeding his access to the court.[78] He seeks damages for arresting him and asks we enjoin the Sheriffs from enforcing further orders.

The office of sheriff is created by the Pennsylvania Constitution as part of county government: "County officers shall consist of . . . sheriffs[.]"[79] The General Assembly defines the powers and duties of sheriffs: (1) as those "authorized or imposed upon them by statute"; and (2) to "serve process and execute orders directed to [them] pursuant to the law."[80] Mr. Haeussler has not specified whether he sues the Sheriffs in an official or individual capacity under section 1983. We analyze Mr. Haeussler's claims under both scenarios.

**1. The Sheriffs enjoy quasi-judicial immunity in their individual capacities.**

Mr. Haeussler is suing the Sheriffs in their individual capacity seeking to impose personal liability on him for actions taken under color of state law. The Sheriffs are immune from damages claims in their individual capacities. Actions taken by the Sheriffs "pursuant to a facially valid court order receives absolute immunity from section 1983 lawsuits for damages."[81] Mr. Haeussler errs in thinking state court judges lack jurisdiction over family court child support orders. Sheriffs Bilal and Harran acted under facially valid court orders. Pennsylvania courts have inherent power to enforce their orders for noncompliance through imposition of penalties, sanctions, and by way of the power of contempt.[82] Orders directing civil confinement under a civil contempt order is a "valid method of assuring compliance with judgments," including child support judgments.[83]

Sheriffs' functions such as maintaining peace in the courtroom, transferring prisoners, enforcing bench warrants, and serving process are functions of the judicial branch.[84] As such, they are entitled to quasi-judicial immunity on all claims.

### 2. Mr. Haeussler does not plausibly allege Sheriffs' liability in an official capacity.

Official capacity claims are indistinguishable from claims against the employing entity of the official.[85] "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" the sheriff represents.[86] Sheriff Bilal and Sheriff Harran are officers of Philadelphia County and Bucks County, respectively, as defined by Pennsylvania's Constitution.

Mr. Haeussler's claims against the Sheriffs in their official capacity are, in essence, claims against the Counties. So, Mr. Haeussler needs to plead a basis for civil rights liability against the Counties. Local governments, like Philadelphia and Bucks Counties, may be liable as "persons" under section 1983. But a county's liability extends only to its own conduct and it is not vicariously liable for the conduct of its employees.[87] It could be liable under a municipal liability or a "*Monell*" claim.[88] The Counties can only be liable if its policy or custom caused the alleged constitutional violation.[89] A "policy" is made when a "decisionmaker" with "final authority to establish a municipal policy with respect the action issues an official proclamation, policy, or edict."[90] A "custom" is conduct, not authorized by law, "so permanently and well-settled as to virtually constitute law."[91] "Custom requires proof of knowledge and acquiescence of the decisionmaker."[92] "Vague assertions" of a policy or custom are not sufficient to impose liability.[93] Mr. Haeussler does not plead facts allowing us to plausibly infer a basis for municipal liability under the civil rights laws. Mr. Haeussler does not allege Philadelphia or Bucks County's policy or custom caused the violation of his unconstitutional rights. He does not allege a decisionmaker. He instead vaguely claims Sheriffs Bilal and Harran "fail[ed] to verify the jurisdictional basis of the orders."[94] Mr.

Haeussler did not plead facts allowing us to plausibly infer policy or custom suggesting the Sheriff should not enforce court orders. Mr. Haeussler's official capacity claims are not plausible.

We dismiss Mr. Haeussler's claims against Sheriffs Bilal and Harran.

**D.  Attorneys Simcox and Grasso are not state actors subject to civil rights liability.**

Mr. Haeussler sues the lawyers for the mothers of his children for "participating" in the alleged civil rights violations by asking judges to enforce court orders. We dismiss this claim as Mr. Haeussler does not plead  facts concerning their conduct allowing us to plausibly infer they are state actors subject to liability under the civil rights laws.

Congress in section 1983 allows courts to impose civil rights liability upon "those who deprive persons of federal constitutional or statutory rights" under color of state law.[95] Mr. Haeussler must allege a state actor deprived him of a constitutional right.[96] Mr. Haeussler does not allege Attorney Simcox or Attorney Grasso is a state actor.

Mr. Haeussler concludes these attorneys "acted under color of state law by participating in the child support enforcement action described herein."[97] "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[98] As a matter of law, a lawyer representing his or her client "is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."[99] A private attorney's traditional function is to represent individual clients. If we were to categorize private attorneys participating in child custody proceedings as state actors, private attorneys would face heightened constitutional scrutiny, creating a chilling effect on legal representation in child custody cases. We decline to fundamentally reshape family law litigation, expand liability risks, or impose unprecedented constitutional obligations on non-state actors. Attorneys Simcox and Grasso are not state actors for purposes of section 1983.

12

Nor can Attorneys Simcox and Grasso be held liable under section 1983 under a "joint activity" theory they acted with the other Defendants who are state actors. Judge Pratter rejected the same argument made by Mr. Haeussler a decade ago. In *Mikhail v. Kahn*, a man sued his ex-wife, her former and current attorneys, a court-appointed psychologist, child visitation supervisors, and nine state court judges under section 1983 claiming deprivation of his federal constitutional rights relating to custody and divorce orders. With regard to claims against his ex-wife's attorneys, Judge Pratter explained the private attorneys are not state actors by virtue of being attorneys representing the ex-wife/mother of the children and dismissed the section 1983 claims against the defendant private attorneys.[100]

Judge Pratter also explained while the attorneys could be liable under section 1983 if they engaged in "joint activity" with defendants who are state actors, plaintiff father failed to properly plead an unconstitutional conspiracy.[101] Judge Pratter explained both the United States Supreme Court and our Court of Appeals require "heightened" allegations of a civil conspiracy between attorneys and judges must "plead an agreement between the state court judgments and [private attorneys] to rule in favor of" a particular party.[102]

Mr. Haeussler alleges Attorneys Simcox and Grasso "conspired" with unidentified co-conspirators to enforce child support orders "despite knowing the court's jurisdiction was contested and unresolved" and "acted in concert" with "Defendants" generally to deprive him of his liberty and property.[103] There are no plausible allegations to infer an agreement among Attorneys Simcox and Grasso and "Defendants" to deprive him of his constitutional rights. Further, Mr. Haeussler's allegations flow from his notion court orders issued by Philadelphia County and Bucks County judges are somehow without jurisdiction. We have already explained this is simply incorrect.

We dismiss Mr. Haeussler's claims against Attorneys Simcox and Grasso without prejudice to him filing a timely amended Complaint pleading the joint action by one or both attorneys with state actors. We would then screen these allegations also mindful of whether we must abstain from interfering in the Philadelphia or Bucks County custody actions.[104]

## III.    Conclusion

We dismiss Mr. Haeussler's allegations seeking to impose civil rights liability upon judges, child support agencies, and sheriffs fulfilling their obligations to enforce his established child support obligations in orders from the Court of Commons Pleas of Philadelphia County and Bucks County. We dismiss these claims with prejudice in this Court but he may timely pursue his appellate rights (as available to him) in the Pennsylvania appellate courts.

We dismiss Mr. Haeussler's claims against Attorneys Simcox and Grasso without prejudice to timely amend his claims if he can plead specific facts allowing us to plausibly infer a conspiracy to deprive him of civil rights between the lawyers and the state actors.

---

[1] We may take judicial notice of the dockets from the Court of Common Pleas of Philadelphia and Bucks Counties. *Orabi v. Attn'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket."); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.").

[2] *Haeussler v. Haeussler*, No. 0C0900365 (Phila. Ct. Com. Pl. 2009), https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_93.zp_dktrpt_frames?case_id=0C0900365&genrc_par1=&genrc_par2=&genrc_par3=&call_type=S; *see also Haeussler v. Haeussler*, No. D09038434 (Phila. Ct. Com. Pl. 2009), https://fjdefile.phila.gov/efsfjd/zk_fjd_public_qry_93.zp_dktrpt_frames?case_id=D09038434&genrc_par1=&genrc_par2=&genrc_par3=&call_type=S (noting divorce between Mr. and Mrs. Haeussler).

[3] *Haeussler*, No. 0C0900365.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] ECF 2 ¶ 16. The public docket does not mention Judge Johnson incarcerating Mr. Haeussler. The public docket does not list an assigned judge.

[12] *Haeussler*, No. 0C0900365. Mr. Haeussler pleads Philadelphia County Sheriff Rochelle Bilal violated his civil rights by "enforcing child support orders," unlawfully seizing his property, wrongfully incarcerating him, failing to "investigate and invalidate" jurisdiction and "denial [of] access to courts," "abuse of authority," and a negligent training and supervision claim. ECF 2.

[13] *Harris v. Haeussler*, No. 2023DR00281 (Bucks  Cnty. Ct. Com Pl. 2023), https://propublic.buckscountyonline.org/PSI/v/detail/Case/6260634. Mr. Haeussler did not sue Judge McMaster.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] ECF 2 ¶ 19.

[19] *Harris*, No. 2023DR00281.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

15

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] ECF 2 ¶ 19.

[31] *Id.* at ¶ 20. The docket in the Court of Common Pleas of Bucks County's reflects Judge McMaster, not Judge Bowman, as the assigned judge to Mr. Haeussler's docket.

[32] *Harris*, No. 2023DR00281.

[33] ECF 2 ¶ 18.

[34] *Harris*, No. 2023DR00281.

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *Haeussler v. Bucks Cnty. Domestic Relations Child Support Division*, No. 24-6859, ECF 2 (E.D. Pa. Dec. 23, 2024).

---

[45] *Id.* at ECF 4.

[46] *Id.* at ECF 8.

[47] *Id.* at ECF 9.

[48] ECF 2 ¶¶ 16-17.

[49] *Id.*

[50] ECF 5.

[51] ECF 2 ¶¶ 2, 48-50.

[52] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[53] *Id.*

[54] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[55] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[56] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[57] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[58] *Id.* (quoting *Mala*, 704 F.3d at 245).

[59] 42 U.S.C. § 1983.

[60] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[61] ECF 2 ¶¶ 26-28, 52.

[62] *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

[63] *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (citation omitted).

[64] *Gallas*, 211 F.3d at 768.

[65] *Stump v. Starkman*, 435 U.S. 349, 356 (1978).

[66] *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). Congress in section 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, ***except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable***." 42 U.S.C. § 1983 (emphasis added).

[67] Pa. R. Civ. P. 1910.1 *et seq.*, 42 PA. CONS. STAT. ANN. §§ 951-52.

[68] Mr. Haeussler sues the "Child Support Agency of Bucks County." We take judicial notice he refers to the "Bucks County Domestic Relations Section (DRS), a department within the Family Court Division[.]" *See Domestic Relations*, Bucks Cnty. Cts. (2025), https://www.buckscounty.gov/563/Domestic-Relations.

[69] *See id*.

[70] *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

[71] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[72] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

[73] *Id.* at 65-71.

[74] *See Baquero v. Mendoza*, 828 F. App'x 137, 140 (3d Cir. 2020) (holding Florida Department of Revenue, as a state agency, is not "person" capable of being sued for civil rights violations under section 1983); *see also Vurimindi v. Prothonotary of Ct. of Common Pleas of Phila. Cnty.*, No. 753 C.D. 2018, 2025 WL 30139, at *9 (Pa. Commw. Ct. 2025) (clarifying Office of Attorney General not "person" subject to section 1983 prosecution).

[75] 270 F. App'x 149 (3d Cir. 2008).

[76] *Id.* at 149-50.

[77] *Id.* at 150 (citations omitted).

[78] ECF 2 ¶¶ 23-25, 29-55.

[79] PA. CONST. art. 9, § 4.

---

[80] *Kopko v. Miller*, 892 A.2d 766, 772 (Pa. 2006) (quoting 13 PA. STAT. § 40 and 42 PA. CONS. STAT. § 2921).

[81] *Hamilton v. Leavy,* 322 F.3d 776, 782-83 (3d Cir. 2004) (citation omitted); *see also Villarreal v. New Jersey*, 803 F. App'x 583, 588 (3d Cir. 2020) (holding sheriff immune from liability for enforcing a foreclosure judgment and conducting sale of property); *Addlespurger v. Corbett*, 461 F. App'x 82, 85-86 (3d Cir. 2012) (sheriff was entitled to quasi-judicial immunity on plaintiff's claims earlier contempt orders issued by Allegheny Court of Common Pleas Family Division violated his civil rights, including incarceration for contempt).

[82] *Commw., Dep't of Environmental Protection v. Cromwell Twp., Huntingdon Cnty*, 32 A.3d 639, 653 (Pa. 2011).

[83] *Tauro v. Allegheny Cnty.*, 371 F. App'x 345, 348 (3d Cir. 2010).

[84] *Addlespurger v. Corbett*, No. 09-1064, 2011 WL 3418975, at *8 (W.D. Pa. Aug. 1, 2011), *aff'd*, 461 F. App'x 82.

[85] *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[86] *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

[87] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

[88] So named after the Supreme Court's decision in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The Supreme Court in *Monell* held "[l]ocal governing bodies ... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690 (footnote omitted).

[89] *McTernan v. City of York, PA*, 564 F.3d 636, 657-58 (3d Cir. 2009) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)); *see also Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020) (a municipality is only liable under section 1983 for constitutional violations caused by its official policies and customs) (citations omitted).

[90] *McTernan*, 564 F.3d at 657-58.

[91] *Id.* (cleaned up).

[92] *Id.* at 658.

[93] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995).

19

[94] ECF 2 ¶ 40.

[95] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up) (citation omitted).

[96] *Id.*

[97] ECF No. 2 ¶ 11.

[98] *Myers v. Sulman*, No. 24-5547, 2024 WL 4655417, at *3 (E.D. Pa. Nov. 1, 2024) (quoting *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)).

[99] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 644 (E.D. Pa. 2014) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981)).

[100] *Id.*

[101] *Id.* at 644-45.

[102] *Id.* at 645 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010)).

[103] ECF 2 ¶¶ 21-22.

[104] We may later dismiss Mr. Haeussler's requests for relief against Attorney Simcox for conduct in the allegedly closed case in the Philadelphia Court of Common Pleas Family Division for lack of jurisdiction under the *Rooker-Feldman* doctrine. *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). We may dismiss or stay Mr. Haeussler's requests for relief against Attorney Grasso in the allegedly ongoing Bucks County case under the *Younger* abstention doctrine. *Younger v. Harris,* 401 U.S. 37 (1971).